[No. 2,727.]

PAULA ROMERO De GAZE *v.* S. J. LYNCH, JEROME PORTER, S. L. EAMES, WILLIAM H. PERRY, J. F. BURNS, JOHN KING, and S. H. MOTT.

Motion for New Trial—Right of Parties to be Heard.—Where, upon defendants' motion for new trial, the statement was settled (though not engrossed), and defendant gave notice of hearing, but nothing further was done until afterward, upon the overruling of a like motion in a similar case, plaintiff asked that this motion, also, should be overruled, to which defendants objected, and insisted upon being heard; afterward, the Court,

without notice to either party, or any formal or actual submission of the motion, granted a new trial; *held*, that the order was prematurely and improvidently made.

GRANTING NEW TRIAL WITHOUT SUBMISSION OF MOTION, ERROR.—Where a motion for a new trial, made by defendant, was granted by the Court without any formal or actual submission of the motion, and without any notice, so as to give the plaintiff an opportunity to be heard; *held*, error.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

This was an action of ejectment for a lot in the City of Los Angeles, alleged to belong to the plaintiff, as of her separate property. It was tried before a jury, and resulted in a verdict and judgment for plaintiff. The facts bearing upon the points decided are stated in the opinion. Plaintiff appealed.

*Glassell, Chapman & Smith,* for Appellant.

The order granting defendants a new trial was improvidently and erroneously made.

1. Because there was no statement before the Judge that could be regarded as a statement on motion for new trial, or as a basis on which such an order could be grounded. Defendants' skeleton statement refers to exhibits which are not on file, and were not accessible to the Judge when said order was made. No engrossed statement was ever made, or in anywise certified as a correct statement, to be used on motion for new trial. (*Cosgrove* v. *Johnson,* 30 Cal. 509; *Kimball* v. *Semple,* 31 Cal. 657; *Linn* v. *Twist,* 3 Cal. 89; *Baldwin* v. *Frere,* 23 Cal. 461; *Vilhac* v. *Biven,* 28 Cal. 409; *Marlow* v. *Marsh,* 9 Cal. 259; *Quivey* v. *Gambert,* 32 Cal. 304.)

2. Because the said order was premature, for the reasons above referred to, and because it was made before the motion for new trial had been argued or submitted, or agreed to be submitted by any of the counsel in the case.

*A. Brunson,* for Respondents.

It is objected that the statement is a skeleton statement. That skeleton, however, shows errors which no stuffing can correct, and these errors justify the others appealed from. The object of a statement is simply to present so much of the case as will show the rulings and action of the Court claimed to be erroneous. (*Harper* v. *Minor,* 27 Cal. 107.) The omission of the exhibits might, probably, deprive respondents of the advantage of other fatal errors, and even weaken their chances of success on appeal; but one error shown in the statement is as effective to gain a new trial as a thousand.

The granting, or refusing to grant, a new trial, rests very much in the discretion of the Court below, and this Court will not interfere with its action, unless there be a clear abuse of such discretion. (*Peters* v. *Foss,* 16 Cal. 357; *Hall* v. *Bark Emily Banning,* 33 Cal. 523; *Drake* v. *Palmer,* 2 Cal. 177.)

By the Court, SPRAGUE, J.:

This is an appeal by the plaintiff from an order granting defendants' motion for a new trial, and also from an order denying plaintiff's motion to vacate and set aside such order granting a new trial.

The record presented by the transcript discloses substantially the following state of facts:

The action was ejectment, and the verdict and judgment were in favor of the plaintiff, and against the defendants. In due time three of the defendants gave notice of their intention to move for a new trial, and subsequently prepared and filed their statement on such motion, which statement was certified by the Judge, as settled by him and correct, on the 12th day of May, 1870. This statement, as settled and

certified by the Judge, contains a very full specification of
the grounds upon which the moving party will rely in sup-
port of the motion, among which is specified various errors
of the Court in giving and refusing instructions to the jury,
and in admitting certain oral evidence and various written
documents against objections of defendants, as also, that the
evidence was insufficient to support the verdict, with partic-
ular specification upon this ground.   But the statement, as
settled and certified by the Judge, does not contain the
instructions given or refused by the Court, to which excep-
tions were taken by defendants, nor any of the documentary
evidence given on the trial against objections of defendants,
which were essential and necessary to illustrate and explain
the particular points specified in the statement as the grounds
relied upon in support of the motion.   Only a reference to
such documentary evidence and instructions is contained in
that statement, thus:  "Deed from Foster, administrator of
the estate of N. M. Pryor, to plaintiff.  (Here insert Exhibit
A.)  (Here insert instructions of plaintiff)," etc.; and the
Clerk of the Court, in his certificate to the transcript, certi-
fies that the statement "is the only settled or authenticated
statement on motion for a new trial" in the case.   This state-
ment appears to have been settled, and certified by the Judge
as correct, on the 12th day of May, 1870.   On the following
day, thirteenth of May, defendants duly notified the plaintiff
that upon his statement on file, and upon the files, papers,
and records in the action, they would move the Court, at
the Court-room thereof, on the 16th day of May, 1870, at
the opening of the Court on that day, or as soon thereafter
as counsel could be heard, for a new trial in said cause, so
far as the same relates to defendants Mott, King, and Burns.
The record discloses no further action upon the motion until
the 2d day of June, 1870, when, in open Court, a motion for
a new trial in another case was overruled by the Court,
whereupon the counsel for plaintiff in this case called up

the motion for a new trial therein, and stated that this motion was of similar character to that just decided; he supposed it would be useless to argue the same; but the counsel for the defendants objected to a submission of the motion without argument, "when the Court stated substantially, that it did not see how it could consistently grant a new trial in this case," whereupon counsel for defendants insisted upon being heard on the motion, to which the Court replied, that counsel could take their own course. No argument was, however, then had, and nothing further was done by either party to the motion, but the Court, without notice to either party, and without any formal or actual submission of the motion to the Court for decision, on the ninth day of June, made and caused to be entered his order granting a new trial, which fact was not brought to the knowledge of plaintiff until about six weeks thereafter; whereupon plaintiff's counsel, upon his own affidavit and certain minutes of the Court, moved the Court to set aside and vacate its order of June ninth, granting defendants' motion for a new trial, substantially on the ground that the motion for a new trial had never been submitted to the Court for its decision; that plaintiff had never had any notice of any such submission, and had not had an opportunity of being heard in opposition to the motion. Upon the hearing of this motion to set aside and vacate, on the fifth of August the Court denied the same.

From this exhibit of the record it is apparent that the order of the Court below granting defendant's motion for a new trial was prematurely and improvidently made.

The statement on motion for a new trial had not been engrossed. It was but a skeleton statement, with a simple reference to exhibits used in evidence on the trial, and instructions given and refused by the Court, which were deemed essential and necessary to illustrate the grounds of the motion specified in the statement. The motion for a

new trial was never actually or by fair implication sub-
mitted to the Court for its decision.   When the motion was
called up by plaintiff, on the second day of June, and the
Court had intimated that the same must be overruled, plain-
tiff manifested a willingness to submit it without argument,
but defendants declined, and insisted upon being heard in
support of the motion.   No argument was then had, nor
was the motion then submitted, and for the Court subse-
quently, on a change of its views in relation to the merits of
the motion, to grant the same without notice to plaintiff,
operated a surprise upon her, and practically denied her the
privilege of being heard on the motion.   (*Morris* v. *De Celis*,
41 Cal. 331.)

Orders reversed, and cause remanded for further proceed-
ings on the motion for a new trial.