[Civ. No. 3981. Third Appellate District.—January 28, 1930.]

E. MOREL, Appellant, v. LIONIE BERTHE BAL SIMONIAN, Respondent.

J. B. Joujon-Roche and Martin E. Geibel for Appellant.

Davis & Thorne for Respondent.

BURROUGHS, J., *pro tem.*—The plaintiff brought this action to recover the sum of $865.70 alleged to be the balance due on a building contract and to foreclose a mechanic's lien on the property upon which the building was erected. The action was dismissed as to all of the defendants other than Lionie Berthe Bal Simonian. The court entered judgment in favor of the defendant and the plaintiff appeals.

It appears from the court's findings of fact that plaintiff and defendant entered into a contract by the terms of which the plaintiff agreed that for a consideration of $2,400

he would build, in accordance with plans and specifications adopted by the parties, a dwelling-house and garage upon the premises described in the complaint and upon which he seeks to foreclose his lien. The court further found that plaintiff did not substantially perform the contract and that the building has never been completed in accordance with the plans and specifications and has never been accepted by the defendant. It is further found that the defendant has paid on said contract the sum of $1800, and because of the plaintiff's failure to construct the building according to the plans and specifications and in a workmanlike manner, defendant was damaged in an amount in excess of any balance remaining due him under the contract.

■ The appellant contends that such findings are not supported by the evidence. Bearing in mind the well-settled rule that courts of appeal will not disturb findings of fact based upon a conflict in the evidence (*Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]), we will briefly epitomize some of the evidence that sustains the findings of fact.

■ The respondent testified that the buildings were not completed on the eighteenth day of September, 1925, or at all; that many things were not completed; that the roof was not braced; that the workmanship and plumbing were not what they should have been; that the house could have been occupied, but did not conform to the specifications; that the specifications called for larch siding on the house instead of the number 2 hemlock which was used by plaintiff; that the cement should have been 3 inches thick and, as a matter of fact, was much less than that in some places, and that the house did not comply with the specifications in many other respects and was not satisfactory to her.

Appellant admitted on cross-examination that the cement was not 3 inches thick in some places; also, that the cement was broken by an automobile before he left the job; that the specifications called for the underpinning of the house to be 4 inches by 4 inches, but that some of them were 2 inches by 4 inches and that under the specifications the girders were to have been 4 inches by 6 inches, but, as a matter of fact, that they were 4 inches by 4 inches; and that under the specifications the floor joists should have been 16 inches apart, but were placed 20 inches apart, except that in one

place they were 24 inches apart. Appellant also admitted that he used number 2 hemlock instead of larch for the siding; that the foundation had some holes in it; that the concrete strips to the garage were so far apart that an ordinary automobile could not be driven on them; and that some of the inside woodwork was hammer-marked, which, he said, was made by a poor mechanic whom he had in his employ for a few days, but that he took the woodwork out that was not good enough and replaced it. He also admitted that the size of the lavatory was not the size provided for by the specifications; that he put no electric switch in the hallway, as called for by the specifications. Plaintiff further admitted that he put in no air-vent, as required by city ordinance, and that the siding of the house bulged.

The pleadings also admitted that red paint was used on the roof instead of asphalt. It is true that many of the foregoing admissions by the plaintiff were coupled with a statement that the changes and omissions were at the request of the defendant, but the defendant denied that she made such requests.

George E. Miller, a contractor of eight years'. experience, testified that the underpinning of the house was 2 inches by 4 inches and to install 4 inches by 4 inches would cost $16; that to replace the girders, which were 4 inches by 4 inches, with 4 inches by 6 inches would cost $20; that the floor joists were placed 20 inches on centers, and to tear them out and replace them would cost not less than $100; and that to tear off the siding and put on larch would cost, including materials, about $225. This witness also testified that the cement drives were already cracking and crumbling and were very poorly finished on top; that the cause of this was the material used was too thin and contained an insufficient quantity of cement and that it would cost $75 to tear out all of the cement in the driveway and replace it with a proper mixture. As to the porch, he testified that it was made of cement and was uneven; that the steps were not the same on top as they were on the bottom; that the material was all right, but the workmanship was very poor; and that to correct these defects would cost $25. Mr. Miller further testified that the moldings over the doors and windows were every one hammer-marked and that it would cost about $15 to tear them out and replace

them; that to take out the lavatory and replace, as called for by the specifications, would cost $25, less a refund for the old lavatory of about $15; that it would cost about $8 to install a switch-box in the hall and about $6 to install a heater vent, in accordance with the city ordinance, and, that it would cost about $5 to put a cabinet on the back porch. Mr. Miller also testified that the foundation under the front of the house was beginning to crumble and that there was not enough cement in it to hold solid. The witness further testified that the house was not built in a workmanlike manner.

Mrs. J. C. Harris testified that the woodwork had not been properly stained and had not been sanded and that the polish was put on very unevenly and that the varnish showed it and that the plaster in the house was very uneven. The witness examined the outside of the house and said she could put her fingers under the boards and that there were a number of places where there were no nails in the studding at all.

M. Weiler, another witness, testified that he was present when appellant commenced the construction of the building; that he saw the building many times; that it was not level, being lower on one side than the other; that he had measured the cement and that it was only 2 inches thick, and in some places not quite that much; and that he also noticed that the studding had buckled and that the roof was sagging.

We are of the opinion that, under this evidence, the court's findings are sustained. It is true that there is evidence in the record contradicting some of the above evidence, but this court is not concerned with such conflict, there being substantial evidence to sustain the findings of the trial court.

█ Appellant further contends that under the findings of the court there is due on the contract price the sum of $593.50 and that the damages found by the court to be due the defendant amount to the sum of $354, leaving a balance due the plaintiff of $239.50. It is claimed that the court arbitrarily assessed for other damages found by it to exist, this last-named amount of $239.50; but that such other defects are insignificant and that there is no evidence to sustain their assessment at said amount.

In reply to this claim, it is sufficient to say that the trial court found, upon sufficient evidence, that there has not been a substantial performance of the contract by the plaintiff. Under the rule in *Perry* v. *Quackenbush*, 105 Cal. 311 [38 Pac. 740], it is held that the owner has a right to such a building as he contracted for, and to authorize a court or jury to find that there has been a substantial performance of a contract, it must be found that he has such a structure. To the same effect is *Jones & Laughlin etc. Co.* v. *Abner Doble Co.*, 162 Cal. 497 [123 Pac. 290]. The objection is without merit.

The appellant also claims that his motion for a new trial should have been granted because of the prejudice of the trial judge. This claim is based upon a statement made by the judge, upon the submission of the case. In summing up the evidence and awarding the defendant a judgment the court criticised the plaintiff for his failure to perform the contract and then seeking to recover for services that he had failed to render. The court's statement was quite lengthy, but no useful purpose would be served by setting it out in this opinion. We know of no rule of law that prevents a judge from expressing his opinion of the merits of litigation. The point is also without merit.

Many affidavits were submitted in support of the motion. We have examined each one of them; nearly all set forth what is termed newly discovered evidence, but a large part of said evidence is merely cumulative of the evidence received at the first trial. The granting or denying of a motion for a new trial rests very largely in the sound discretion of the trial court. We discover no abuse of discretion in the order of the court denying the motion.

Complaint is also made that the trial court refused to give appellant the privilege of arguing the motion for a new trial. This is also a matter of discretion resting with the trial court.

No sufficient reason has been shown why the judgment of the trial court should be disturbed and it is therefore affirmed.

Plummer, J., and Finch, P. J., concurred.