[Civ. No. 8145.   First Appellate District, Division Two.—December 12, 1931.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Plaintiff and Respondent, v. BILLIE D. FORD et al., Appellants; WM. M. DAVEY, Cross-Defendant and Respondent.

George Acret, Joseph L. Lewinson and Percy V. Clibborn for Appellants.

Arch H. Vernon, Ralph H. Spotts, and Howard B. Henshey for Respondents.

WARD, J., *pro tem.*—This action was brought by plaintiff, as trustee under a deed of trust, to determine the rights of each defendant in a foreclosure proceeding and, in particular, the effectiveness and validity of a notice of default and notice of sale. Defendants Ford answered and filed a cross-complaint praying that the trustee's sale be enjoined and demanding an accounting from defendant and cross-defendant Davey who in turn answered the complaint and cross-complaint, denying that the Fords had any right to an accounting.

On October 7, 1927, the Fords, as owners of an apartment house, signed a trust deed note for $55,000 payable in installments monthly with provision for acceleration. Shortly after the making of this note, the defendant Davey by assignment acquired the interest as beneficiary. Upon July 12,

1928, Davey filed a declaration of default, and the next day entered into an agreement with the Fords whereby he was given possession of the property and the right to furnish and operate the apartment. The Fords reserved the right during the foreclosure period to refinance the property with the further stipulation that if they were able to refinance, all moneys over and above costs and operating expenses should be applied to the indebtedness, otherwise all the income derived from the apartment house during the foreclosure period was to remain the property of Davey. On the last day of the foreclosure period, the Fords served upon Davey and the plaintiff a notice to desist from the sale and a demand for an accounting of the income, rental and profits from the property. This was the only written demand ever presented but the subject of approximate income, etc., had been discussed over the telephone by the Fords and Davey. The trustee continued the sale and thereafter instituted this proceeding. The trial court adjudged and decreed that the proceedings for the sale were regular and valid and ordered the sale to proceed.

■ There is no doubt that the Fords were in default on the eleventh day of July, 1928, the date that the declaration of default was executed and delivered to plaintiff. This is admitted by the terms of the agreement entered into the following day between Davey and the Fords. The acceptance of possession of the property and the income therefrom by the beneficiary Davey, in view of the terms of the contract, did not waive the existing default. If the default was waived then Davey was wrongfully in possession and this could only be rectified by Davey relinquishing possession to the Fords who had admitted the indebtedness and agreed to Davey's possession and management of the income. The acceptance by Davey of the income from the property did not waive the default. ■ The Fords authorized Davey in the agreement to furnish the building and thereafter to operate it. The only way the Fords could repossess the property was to refinance the property plus furnishings and equipment. The agreement provided: "if we are able to refinance", etc. The record is silent as to any ability to refinance and hence under the terms of the agreement, the income was the property of Davey. If the income was the property of Davey then the Fords had no right to an

accounting. The "Notice and Demand" served just prior to the date fixed for the sale does not allege, even by inference, a willingness or ability to refinance the property. It was simply a notice to desist from the contemplated sale because Davey, according to the notice, had refused to make an accounting, but an accounting was unnecessary unless the Fords were preparing to refinance. Defendant and cross-complainant, James A. Ford, testified that he handled the business arrangements concerning the apartments and did not do anything in reference to obtaining a statement from Davey of the expenses and receipts except a discussion by way of the telephone. Appellants seek to excuse this failure to demand a statement preparatory to an effort to refinance upon the theory that Davey had lulled the Fords into inaction, but this contention is declared by appellants in their opening brief to be immaterial.

█ The findings of fact contain many conclusions of law and much surplusage. Sometimes conclusions of law serve the office of findings of fact. (*Biurrun* v. *Elizalde,* 75 Cal. App. 44 [242 Pac. 109].) Surplusage is often explanatory and enlightening. Findings should be considered as a whole. Inferences from findings may be drawn in order to support a judgment. (*Hulen* v. *Stuart,* 191 Cal. 562 [217 Pac. 750].) The purpose of a finding is to answer the issues raised by the pleadings. If, eliminating defective findings and surplusage, the findings are sufficient to support the order for sale, this court will not defeat a judgment by placing strained inferences thereon. (*Anglo California Trust Co.* v. *Oakland Rys.,* 193 Cal. 451 [225 Pac. 452].) █ Stripping the transcript of evidence irrelevant to the material issues and considering the findings as a whole, the evidence in this case warranted the findings and the findings support the judgment. The contentions of appellant as to alleged errors in the court's rulings upon the admissibility of evidence are answered in the position heretofore taken herein upon the real issues of this case.

Judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 11, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1932.