[Civ. No. 5183. Third Appellate District.—January 18, 1935.]

JOE VILA, Respondent, v. LINDA BROVELLI, Appellant.

714

Cowan, Kroyer & Jacobsen, Wm. F. Cowan, J. O. Kroyer and E. M. Jacobsen for Appellant.

Cecil Norman Lavers for Respondent.

PLUMMER, J.—The plaintiff had judgment in an action instituted to recover the balance alleged to be due for and

on account of a building contract under and in accordance with the terms of which the plaintiff alleged that he constructed a dwelling house for the defendant, and that upon said contract there remained due the sum of $1662.85. The court awarded judgment to the plaintiff in the sum of $1395.86. From this judgment the defendant appeals.

The defendant also interposed a motion for new trial which was denied. From the order denying this motion the defendant also appeals. As no appeal lies from such order, that portion of the appeal is hereby dismissed.

The findings of the court are to the effect that the plaintiff and defendant entered into a written contract for the construction of a dwelling house by the plaintiff for the defendant for the agreed sum of $4,762.50, construction of such building to be in accordance with plans and specifications agreed upon.

Paragraphs IV and V of the findings, being the ones really involved in this action, are herein set forth as follows:

"IV.

"The court finds that during the construction of said house said plans and specifications, by mutual consent, were in part changed; that plaintiff did construct the said house for the said defendant in a good, proper and workmanlike manner, and in accordance to and with the said plans and specifications and said agreed changes, and did substantially perform the said agreement in all respects and parts, excepting nevertheless in the particulars specified herein as follows: The front porch did not drain properly. The arch between the living room and dining room was mechanically untrue. The exterior plaster was poorly matched in color between courses and not workmanlike in finish. The tile work on the kitchen sink was not delivered to owner in first class condition, being minus some cap tiles, cracked and not properly sloped for drainage. There were several minor deficiencies as follows: failure to finish inside of cupboards and closets the same as rooms, improper placing of medicine cabinet, omission of iron receptacle, poor painting in bathroom, split and warped doors, poorly fitted window, omitted picture molding and shoe molding, omitted screen vents, center runs instead of side runs in drawers, wood instead of metal shelf brackets, oak thresholds omitted,

substitution of medicine cabinet, substitution of electrical materials, 2x8 instead of 2x10 wall cap in garage, and careless workmanship on garage which permitted nails to perforate sheathing paper causing leaks.

"V.

"The court finds that the plaintiff did not perform the said listed items in a good, proper, and workmanlike manner, and in accordance with the said plans and specifications and agreed changes thereto, and finds further, that the cost to defendant Linda Brovelli, in placing the said house in a condition as called for under the construction agreement and plans and specifications and agreed changes thereto is $266.99."

While the language found in paragraph IV of the court's findings is not as clear and explicit as might be desired, it does appear from paragraph V of the findings that the defects found in the construction of the building, and failure of the plaintiff to strictly comply with the terms and provisions of the plans, and specifications, might be remedied, and that the cost to the defendant of remedying such defects was the sum of $266.99.

Upon this appeal it is strongly urged by the appellant that the language used by the court in finding No. IV can only be construed to mean that the building was not constructed substantially in conformity with the plans and specifications therefor. This contention would appear meritorious if only the following language be considered, to wit: "and did substantially perform the said agreement in all respects and parts, excepting nevertheless, in the particulars specified herein, as follows": But if we continue to read the entire paragraph we find that while the word "trivial" was not used as commonly appears in findings relating to the performance of building contracts where the plans and specifications have not been literally followed, the conclusion seems to us certain that the court had in mind, and did in effect find that the schedule of defects were trivial defects which could be remedied by the expenditure, and which had been remedied by the expenditure of the sum of $266.99.

In construing findings the law is well settled that all of the findings must be read together, and if, when so read, the clear intent and purpose of the findings are made plain, the mere fact that a clause or a sentence therein, read alone,

would appear to be contradictory or insufficient, such error or failure, to completely express that which is intended to be stated will not vitiate the findings or render them insufficient to support the conclusions of law drawn therefrom and the judgment based thereon. (*Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197]; 2 Cal. Jur. 871, sec. 511; *Title Ins. & Trust Co.* v. *Ford,* 119 Cal. App. 188 [6 Pac. (2d) 101].)

Thus, when findings IV and V are read together, the fact that the remedying of the listed defects entails an expenditure of $266.99, it is just as apparent that the defects were found to be trivial as though the court had said that the contract was substantially performed notwithstanding certain trivial defects, as follows, to wit: The cost of remedying the same, amounting only to the sum of $266.99.

We do not need to review the authorities cited by the appellant that there must be a substantial performance of the contract, and that recovery cannot be had by a contractor unless the trial court so finds, and that such finding must be supported by the testimony.

The argument of the appellant, however, is based upon the assumption that the findings which we have quoted are not to the effect that the plaintiff has substantially performed the covenants of his contract and erected the building substantially according to the plans and specifications. What we have said, however, we think answers this contention of the appellant and eliminates entirely the appellant's contention that the court failed to find substantial compliance.

Again, outside of the finding that we will call certain trivial defects, though not so listed in finding No. IV, the court does specifically find that the contract in all other particulars was substantially complied with, and reading the list of defects which we have said are shown to. be trivial by the mere reading thereof, the finding of the court is all that is required to sustain a judgment based thereon.

▮ The appellant, in addition to the defects listed by the court in its findings, contends that the living room ceiling was crooked and improperly constructed; that the fireplace and chimney were improperly constructed, and constituted a fire hazard, and were not built in conformity with the plans and specifications; that the concrete land-

ing at the rear entrance was 2½ inches lower than shown on the plans, and that one step or riser was omitted; that the sheathing paper under all exterior stucco was changed from 10-pound roofing felt to cheap kraft paper; that the specifications called for Fuller or Bass-Heuter paint, and that the plaintiff substituted an inferior brand; and finally, that there is no evidence in the record to sustain the finding that the cost of remedying the defects was only the sum of $266.99.

It is true that the court made no specific finding as to these particular defects set forth in appellant's brief. The general finding of the court, however, "that the plaintiff did construct the said house for the said defendant in a good, proper and workmanlike manner, and in accordance to and with the said plans and specifications and agreed changes, and did substantially perform the said agreements in all respects and parts, excepting therefrom the defects which we have stated are shown to be trivial by the mere reading thereof", answers the contention of the appellant that the court did not find that the contract had been complied with so far as the plans and specifications covered the construction of the particular parts of the building alleged by the plaintiff not to have been constructed according to the plans and specifications.

Several witnesses testified on behalf of the defendant that the ceiling in the living room did not conform to the plans and specifications, in that there was a variation in the arched portion thereof of between three-fourths and five-eighths of an inch between the respective ends of the room, 16 or 18 feet in length, and measured from the floor to the ceiling, some witnesses testifying that the variation was visible to the eye, while on the other hand, witnesses for the plaintiff testified that the construction was proper, the variation was not unusual, and that it was not visible to the eyes, or, as one witness expressed it, "not worth mentioning".

There is also testimony in the record that the specifications as to the manner in which the arch should have been constructed, or, that is, the manner in which the material which formed the coved portion of the ceiling, were not strictly followed; but there is also testimony to the effect that that portion of the ceiling as constructed by

the contractor was a better and stronger construction. It appears that the defendant had the ceiling torn out and reconstructed at a cost of some $317. The court, however, made no allowance for this expense incurred by the defendant, by reason of the general finding to which we have referred that the work was substantially done in the first place, and therefore, the expense incurred by the defendant in reconstructing the ceiling was unnecessary.

Had the court adopted and followed the testimony introduced by the defendant in relation to the ceiling and the cost of reconstruction, and found that the ceiling was not properly constructed, such a finding would have found ample support in the record. In fact, we may say that the testimony in favor of such a finding set out in the record is very persuasive, but the witnesses were before the trial court, their credibility, and also knowledge and understanding of what they were testifying to, were all matters for the trial court to determine and pass upon, and the finding of the trial court contrary to the contentions of the defendants upon testimony to the effect that the construction was proper, and that the variation from the plans was not material, is binding upon us.

The record also shows that the plaintiff and the defendant went to the town of Albany to examine a fireplace, and that it was the agreement of the parties that the fireplace to be constructed should be the same as that viewed by the parties at Albany, the plaintiff contending that the agreement related not simply to the tiling, but also as to the construction. The defendant contended that the agreement related only to the tiling, color of tile and the mantel. Here again was a conflict of testimony which was resolved in favor of the plaintiff by the trial court. The same is true as to the kind of paper used under the stucco work on the outside of the building. In these particulars, even though the printed record seems to preponderate in favor of the appellant, the finding of the trial court is conclusive here.

The defects found by the court having been remedied, the usefulness of the building appears to be substantially as contemplated by the parties. In some particulars, such as placing of the joists in the construction of the ceiling,

the contractor took it upon himself to make some changes from the plans and specifications, but the court has not held such changes fraudulent or such as to materially affect either the strength or the substantial character of the building as contemplated by the plans and specifications. It is true that the defects pointed out by the court were found in several different portions of the building, but they were all, as found by the court, trivial defects and capable of being remedied. Hence, it follows that the alleged defects did not pervade the whole building so as to substantially defeat the objects which the parties intended to accomplish by entering into the contract. Had the court sustained the contentions of the appellant, then the cases of *Perry* v. *Quackenbush*, 105 Cal. 299 [38 Pac. 740], and *Morel* v. *Simonian*, 103 Cal. App. 490 [284 Pac. 694], would be controlling as to the judgment that should be entered in this cause. However, the court did not so find, and as heretofore stated, the findings being supported by the testimony introduced by the plaintiff must be upheld by this court.

While the findings do not separately set forth the sum allowed for remedying each particular defect, a search of the record has enabled us to compute from the testimony the expense of remedying the defects as amounting to approximately $270. As hereinbefore stated, the court allowed $266.99.

The fact that the defendant took upon herself the expenditure of a sum of money considerably in excess of that allowed by the court in remedying defects does not furnish any cause for reversal in view of the findings of the court that many of the particulars concerning which the defendant expended money, were not adopted by the court as necessary expenses but were expressly negatived by the finding of the court that the building was substantially constructed according to the plans and specifications, save and except as to certain trivial items which we have mentioned herein not being items on account of which the major portion of the sums alleged were expended by the defendant.

While different findings, different conclusions and a different judgment would find ample support in the testimony in this case, the findings and conclusions as pre-

sented by the record being supported, the judgment must be upheld.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 16, 1935.