[Crim. No. 2632.   Second Appellate District, Division One.—January 19, 1935.]

THE PEOPLE, Respondent, v. CARL W. CARPENTER, Appellant.

Joseph A. Ball for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

HOUSER, J.—From a judgment that followed his conviction of a violation of the provisions of section 288 of the Penal Code, as well as from an order by which his motion for a new trial was denied, defendant has appealed to this court. The particular offense of which defendant was convicted was that of the commission by him of an alleged lewd

and lascivious act with respect to a female child of the age of six years.

Appellant's first point is that "the evidence does not justify the verdict". Although the evidence showed that the alleged offense was committed in broad daylight at a place and in circumstances such as might indicate the improbability of the fact that a crime of the character of that here involved actually had been committed, nevertheless, since the jury that heard the evidence determined the fact adversely to the evidence adduced by defendant with relation to his conduct on the occasion in question; and since, all the evidence considered, this court cannot say that the testimony given by an eye-witness (to say nothing of the testimony given by the alleged victim) to the acts and conduct of defendant was so extraordinary in character as to be absolutely unbelievable;—it necessarily follows that the point made by appellant in that behalf cannot be sustained.

Appellant next predicates prejudicial error upon the fact that, although the child who was the subject of the alleged vicious attentions of defendant was shown to lack proper qualifications as a witness, nevertheless she was permitted to give her testimony.

It appears that preliminarily to the giving of her testimony, the child was questioned by the judge of the trial court, as well as by the respective attorneys in the case, and that following such examination the court ruled that the child was qualified to give her testimony. Because the child misstated her age; did not know "her birthday"; did not know "what happens to little girls when they don't tell the truth" (except that when she did not tell the truth, her mother spanked her); and did not know where she lived;—it is contended that the ruling made by the trial court was palpable error. But considering the age of the child, even in the absence of other conditions that may have affected her several answers, it was only natural that she might be confused with reference to each of the answers which she gave. It is common knowledge that not only little children, but as well some intelligent grown people, know neither their respective ages nor their "birthdays". As a certainty, neither a child of six years nor any other person "knows

what happens'' to anyone who does not tell the truth. The fact that the child knew that for such conduct ordinarily she suffered corporal punishment was a sufficient knowledge of consequences that would result to her from such misconduct in that regard. Her answer to a question in regard to whether she knew where she lived, was, "No, . . . not now, I don't know'';—which answer might indicate either that she was too confused to remember the place where she lived, or that her place of residence had been so recently changed (which fact later appeared in the evidence) that she had not been told either the name or the house number of the street to which she had removed. From an examination of the record herein, which includes sixteen pages of the preliminary examination and the subsequent testimony given by the child, it manifestly appears that she was a very bright and capable little girl. Her replies to the questions that were asked of her would do credit to any person of whatever age. We think it very clear that no error was made by the trial court in making the ruling of which complaint is here made.

Appellant further contends that "the court erred in refusing to strike prejudicial testimony''.

Without herein setting forth the comparatively long history of facts from which ensued the criticised order, it may suffice to state that, the pertinent facts and circumstances considered, this court is of the opinion that the prejudice (if any) which resulted therefrom to defendant's cause was slight, and that such evidence could not reasonably be presumed to have affected, or in anywise to have induced the verdict that was returned against defendant.

Although appellant complains that the trial court "erred in refusing an instruction requested by the defense'', it affirmatively appears that the principle of law contained in such refused instruction was adequately covered by other instructions which were given to the jury; and consequently that appellant has no just ground for complaint in that regard.

Finally, appellant suggests that "the court erred in summarily denying defendant's motion for a new trial without giving an opportunity for argument''. In that con-

nection, all that appears in the record with reference to the proceedings that took place at the time when the motion for a new trial was presented to the court is as follows:

"The Court: I will deny the application (for probation), because it is not a case for probation. Are you ready, Mr. Carpenter, for sentence? Mr. Ball (attorney for defendant) : At this time, your honor, we move for a new trial on all the statutory grounds of the code. The Court: Motion denied."

Although a consideration of the provisions of section 661 of the Code of Civil Procedure (Stats. 1933, p. 1881) might lead to the conclusion that by statutory provision it is impliedly intended that on the hearing of a motion for a new trial the aggrieved party is entitled to be heard in "oral argument"; and although even prior to the enactment of such statute it had been ruled that on such a hearing the parties should be "afforded an opportunity to be heard, if desired" (*Morris* v. *De Celis,* 41 Cal. 331; *De Gaze* v. *Lynch,* 42 Cal. 362), nevertheless, in the case of *Morel* v. *Simonian,* 103 Cal. App. 490, 495 [284 Pac. 694], it was held that "the privilege of arguing the motion for a new trial . . . was a matter of discretion resting with the trial court". However, without placing particular reliance upon the correctness of the decision last referred to, from a consideration of the record herein, it is clear that no request for leave to argue the points set forth within the motion was made either by defendant or by his counsel. No indication appears therein regarding the time which elapsed between the time when counsel for defendant announced that he moved "for a new trial on all the statutory grounds", and the time when such motion was denied. It is possible, and even probable, that the conditions and circumstances then and there present were such as reasonably should have conveyed to the mind of the trial judge the appropriate conclusion that defendant did not wish to present any argument in behalf of his motion. It well may be that if such a request had been made, the trial judge gladly would have listened to any argument which defendant's counsel might have seen fit to make. Defendant voiced no objection to the procedure adopted by the trial court; but apparently acquiesced in it.

Moreover, it must be assumed that had defendant argued his motion for a new trial, the reasons which he might then have given for favorable action thereon by the trial court would have been no different from, or that they would have been more ably presented by him than is the argument with reference thereto which counsel for appellant makes to this court at this time. In other words, in no event was defendant harmed by reason of the conduct of the trial judge of which complaint is now made.

It is ordered that the judgment and the order by which defendant's motion for a new trial was denied be and they are affirmed.

Conrey, P. J., and York, J., concurred.