[Civ. No. 10652. First Appellate District, Division Two.—May 20, 1938.]

ELSIE C. TUCK, Appellant, v. KRIST GUDNASON, Respondent.

Snook, Snook & Chase for Appellant.

Decoto and Hardin for Respondent.

SPENCE, J.—Plaintiff sought damages for alleged breach of contract. Upon the first trial, a judgment of nonsuit was entered in favor of defendant. Said judgment was reversed on appeal. (*Tuck* v. *Gudnason,* 11 Cal. App. (2d) 626 [54 Pac. (2d) 88].) Thereafter, a second trial was had before the court sitting without a jury. The trial court made findings in favor of defendant and judgment was entered accordingly. Plaintiff appeals from said judgment.

The pleadings and the evidence most favorable to plaintiff are sufficiently set forth in the opinion on the former appeal. (*Tuck* v. *Gudnason, supra.*) Upon the second trial said evidence was flatly contradicted in practically all of its material aspects. The trial court found against the existence of the oral agreement alleged and testified to by plaintiff and further found, in accordance with the testimony of defendant, that defendant merely agreed to do certain things for plaintiff to assist her in expanding her facilities for making dresses, in return for which plaintiff agreed to give defendant preference over other customers in promptly making and delivering dresses ordered by defendant from plaintiff. There was a direct conflict in the evidence regarding the terms of the oral agreement between the parties and there was ample evidence to sustain findings supporting either plaintiff's version or defendant's version of the alleged agreement.

Appellant's contention on this appeal is stated as follows: ''The evidence does not support the findings and judgment of the trial court to the effect that these parties did not make the agreement as alleged in that there is no substantial conflict in the evidence when it is analyzed in the light of the admitted facts giving consideration to the

motives and propensities which tend to influence and prompt human action and to the inherent, improbabilities of the defendant's evidence, as well as to the inconsistencies appearing in the findings themselves.'' We find no merit in this contention.

In support thereof appellant bases her argument on the evidence most favorable to appellant. In reply, respondent bases his argument on the evidence most favorable to respondent. We find nothing inherently improbable in the evidence introduced on behalf of respondent. On the contrary, if we give ''consideration to the motives and propensities which tend to influence and prompt human action'', it seems improbable that experienced persons in business would enter into any such agreement as was alleged by appellant without some written memorandum of its terms. As there was no inherent improbabilities in the evidence upon which the findings were based, said findings must stand, for it is well settled that a reviewing court will not weigh the evidence for the purpose of reversing a trial court on the facts. There being a substantial conflict in the evidence, appellant's quotation from the language found in the opinion in *Herbert* v. *Lankershim,* 9 Cal. (2d) 409 [71 Pac. (2d) 220], is inapplicable here.

The above-mentioned contention makes reference to alleged inconsistencies in the findings. We find no inconsistencies in the findings when they are read as a whole. It is entirely clear from the findings that the trial court found against the existence of the oral agreement claimed by appellant and in favor of the existence of the oral agreement claimed by respondent. On numerous occasions, the terms ''the agreement alleged in the complaint'', ''the agreement'', ''the contract'' and ''said agreement'' are used in the findings. It is not difficult to harmonize the findings when the particular term used by the trial court in each instance is referred to the claimed agreement which the trial court obviously had in mind in using the term in that instance. The findings may therefore be easily reconciled so as to support the judgment and it is the duty of an appellate court to so reconcile findings whenever possible. (*Lasher* v. *Faw,* 209 Cal. 726 [289 Pac. 821]; *Hartford* v. *Pacific Motor Trucking Co.,* 16 Cal. App. (2d) 378 [60 Pac. (2d) 476]; *Vila* v. *Brovelli,* 3 Cal. App. (2d) 713 [39 Pac. (2d) 855].)

■ Appellant gave notice of appeal from the order denying the motion for new trial as well as from the judgment. As no appeal lies from such order, the appeal therefrom should be dismissed. (*Vila* v. *Brovelli, supra.*)

The appeal from the order denying the motion for new trial is dismissed. The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.