[Civ. No. 3841. Fourth Dist. Nov. 29, 1948.]

C. O. BRAND, Appellant, v. RONALD C. RIEMER et al., Respondents.

876

Thompson & Colegate for Appellant.

Shaw, Davis & Roberts for Respondents.

BARNARD, P. J.—This is an action to foreclose a mechanic's lien for materials and labor furnished and performed.

The parties entered into a written contract for certain work for a price of $2,746.92. By a verbal agreement, other work of the value of $256.44 was performed. The work consisted of building the walls of a house, partly from concrete and partly with concrete blocks, certain concrete steps and a small amount of other concrete work. During the course of construction the forms were allowed to slip with the result that two of the walls were out of plumb as much as 3 or 4 inches in places, with rough and uneven surfaces; the steps were irregular and uneven with risers of varying height; other concrete work was defective; and on the front of the house there was a curve in the top surface of the foundation leaving an unsightly line, curving up to $2\frac{1}{2}$ inches, between the foundation and the upper concrete blocks. The plaintiff recognized the deficiency in his work and attempted by several expedients to remedy the same, with results that were far from satisfactory. In completing the house for their home the defendants were compelled to, and did, spend considerable money in attempting to correct the situation caused by the manner in which the plaintiff's work was done. They refused to pay the final payment called for by the contract, and the plaintiff brought this action to recover a balance of $1,168.42 and to foreclose his lien. The defendants answered alleging that they had been forced to expend $1,365 through the failure of the plaintiff to properly perform his agreement, and later filed a cross-complaint seeking to recover $2,000 on that ground.

Among other things, the court found that the work was performed by the plaintiff in a careless and reckless manner and not in accordance with good building practices; that he had failed to comply with the terms of the contract; that the work was done in so unworkmanlike a manner that the walls were out of alignment, off square and out of plumb; that the cement floors were irregular, uneven and with improper openings; that the concrete steps were uneven, irregular and not in accordance with the plans; and that by reason of the unworkmanlike manner in which the work was performed the dwelling presents an unsightly appearance. It was then found that if the work had been done in a workmanlike manner the plaintiff would have been entitled to a balance of $1,168.38, and that by reason of the unworkmanlike manner in which the work was performed the defendants were compelled to incur extra expenses in the sum of $943.38 in order to correct and eliminate said defects and unsightly appearance. Judgment was entered in favor of the plaintiff for $225, the difference between these two amounts, and for foreclosure of his lien. From this judgment the plaintiff has appealed.

It is first contended that the court committed reversible error in failing to make a finding ''as to the amount of each specified item expended by the respondents.'' This contention cannot be sustained. The ultimate facts were here found and under these circumstances there was no necessity for incorporating the evidentiary facts in the findings. (*Vila* v. *Bravelli*, 3 Cal.App.2d 713 [39 P.2d 855] ; *Cleverdon* v. *Gray*, 62 Cal.App.2d 612 [145 P.2d 95] ; *Culjak* v. *Better Built Homes, Inc.*, 58 Cal.App.2d 720 [137 P.2d 492] ; *Fontaine* v. *Storrie*, 7 Cal.App.2d 104 [45 P.2d 361].)

It is next contended that there was no evidence to sustain the various amounts claimed to have been expended by the respondents in correcting the obvious faults in this work, or the amounts necessary for this purpose, which go to make up the $943.38 found by the court to be the total amount of such expense.

While the evidence is conflicting, the respondents point out evidence which they contend support all of the amount thus allowed by the court with the exception of $52.19. They attempt, without success, to justify this $52.19 and that amount should be deducted from the amount of expense allowed by the court.

Moreover, two other items included in the amount thus allowed by the court, are not fully supported by the evidence

and should be eliminated or reduced. One of these is $235, which was the cost of installing tile in the bathroom. The installing of this tile was not included in the appellant's contract, was very clearly not a part of correcting the errors in appellant's work, and was an added improvement which was not chargeable to the appellant. We can find no evidence in the record which would justify such a charge. Another item which should not be allowed in full is $87.50 for stuccoing the exterior front wall of the house in order to correct the unsightly curve which appears between the foundation and the first row of concrete blocks or bricks. That work has not been done, but its cost is included in the evidence relied on as supporting the total expense of $943.38 allowed by the court. In this connection, the appellant testified that this unsightly curve could be cured by stuccoing this entire wall and that this would cost $87.50. However, he also testified that this defect could be cured by taking out two rows of bricks, leveling up the foundation, and then replacing the bricks and that this would cost $40. The respondents were entitled to have this defect cured, but not to an additional improvement on the house. The evidence supports an allowance of $40 for this purpose rather than one for $87.50, and $47.50 should be deducted from the amount of expense allowed by the court.

There being no evidence to support these three items of $52.19, $235 and $47.50, which were included in the court's expense allowance of $943.38, these amounts should be deducted therefrom. This would increase the appellant's recovery by a corresponding amount, and the error can be corrected by modifying the judgment. The evidence supports the remainder of the $943.38 corrective expense allowed by the court.

Several incidental arguments advanced by the appellant have not been overlooked, but are not regarded as of sufficient importance to require a detailed discussion. The structural defects and deviations from the plans agreed on were conceded by the appellant on the stand, and the question as to the corrective steps necessary, and the cost thereof, were the controlling issues.

The judgment is modified by increasing the amount allowed to the plaintiff from $225 to $559.69 and, as so modified, is affirmed. Each party to pay his own costs on appeal.

Griffin, J., and Mussell, J., concurred.