[L. A. No. 13984. In Bank.—May 14, 1934.]

FRANK LA SALLE, Appellant, v. OLE PETERSON et al., Respondents.

John C. Kleber and Chas. M. Delemeter for Appellant.

Earl Curtis Peck and Abraham Richmond for Respondents.

PRESTON, J.—Appeal by plaintiff from judgment for defendants entered on order sustaining, without leave to amend, their demurrer to plaintiff's amended complaint.

The action is one to set aside a judgment on grounds of fraud and conspiracy. Although the amended complaint is voluminous in detail, a brief statement should suffice to

show that the ruling of the court below was entirely correct, as the matters alleged do not pertain to extrinsic or collateral fraud, but purely to intrinsic fraud, which is not ground for setting aside a judgment.

Plaintiff sets forth the history of a controversy of years between these parties and alleges that as an outgrowth thereof defendants, motivated by hatred and revenge, conspired to prosecute against him a wholly false and fictitious action, to wit: Cause No. 300,042 in the Los Angeles County superior court, wherein the above-named defendant Ole Peterson was plaintiff and this plaintiff was one of the defendants and said Peterson had judgment against plaintiff for $2,700 and costs. It is further alleged that said judgment was procured on the false and fraudulent testimony of said Peterson that he was employed by plaintiff to work in a packing plant and worked there for about two years without receiving any wages; that, as defendants well knew, during practically that entire period the packing plant was closed and said Peterson was employed by another company; that defendants, by their false and fraudulent acts, prevented plaintiff from learning the true facts to present them to the court and from having a fair trial but, if granted the opportunity of a new trial, plaintiff will be able to show conclusively that he is in no way liable to said Peterson and that said judgment resulted solely from said conspiracy and perjured testimony. As above stated, it is unnecessary to set forth the averments of said pleading with greater particularity as it is clear they are but allegations of intrinsic fraud, affording no basis for the relief here sought.

It has long been the rule that a judgment will not be vacated because it was obtained by false or perjured testimony (*Pico* v. *Cohn*, 91 Cal. 129 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336], and the fact that the bringing of the action and the introduction of the perjured evidence may have resulted from conspiracy does not change it from intrinsic to extrinsic fraud. (*Tracy* v. *Muir*, 151 Cal. 363 [90 Pac. 832, 121 Am. St. Rep. 117].) The pleading before us contains no distinguishing feature sufficient to remove the cause from operation of this rule. The language of the *Pico* case is directly in point and the doctrine as there stated has been followed on almost numberless oc-

casions. (15 Cal. Jur., sec. 124, p. 18 et seq., and cases cited in notes.)

"That a former judgment or decree may be set aside, and annulled for some frauds there can be no question; but it must be a fraud extrinsic or collateral to the questions examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is, that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud has prevented a fair submission of the controversy." (*Pico* v. *Cohn, supra,* p. 133.) After citing some instances of extrinsic or collateral fraud, such as keeping the unsuccessful party away from court by a false promise of compromise, or purposely keeping him in ignorance of the suit, the court continues (p. 134): "In all such instances the unsuccessful party is really prevented, by the fraudulent contrivances of his adversary, from having a trial; but when he has a trial, he must be prepared to meet and expose perjury then and there. He knows that a false claim or defense can be supported in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of the evidence; and that, necessarily, the truth or falsity of the testimony must be determined in deciding the issue. The trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony, and if he likewise fails to show the injustice that has been done him on motion for a new trial and the judgment is affirmed on appeal, he is without remedy."

Thus, in this cause, plaintiff had his opportunity for making the truth appear, upon trial of the cause, when the conflicting testimony was heard and passed on by the jury, upon ruling by the judge on motion for new trial and upon consideration of the cause on appeal. (*Peterson* v. *La Salle,* 123 Cal. App. 639 [11 Pac. (2d) 645].) If he was

overborne by perjured testimony, by his inability to present the true facts, or to locate and secure the testimony of defendant Monroe, or by any other acts of the defendants, he is unfortunately without remedy here. "The wrong in such case, is of course a most grievous one, and no doubt the legislature and the courts will be glad to redress it if a rule could be devised that would remedy the evil without producing mischiefs far worse than the evil to be remedied. Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice . . . " (*Pico* v. *Cohn, supra,* p. 134.)

The judgment is affirmed.

Shenk, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.