[Civ. No. 14450. First Dist., Div. Two. Mar. 21, 1951.]

CHUNG GEE et al., Appellants, v. QUAN WING et al., Respondents.

Thomas J. Riordan and Ralph Bancroft for Appellants.

Alden Ames and Paul Taylor for Respondents.

SCHOTTKY, J. pro tem.—Plaintiffs and appellants commenced this action against defendants and respondents on February 19, 1949, to set aside a judgment recovered in the Superior Court of Los Angeles County by Quan Wing and Quan Yow Yuen (defendants and respondents here) against the Kwong Yick Company (plaintiff and appellant here). The complaint alleged, in substance, that respondent Quan Wing was a partner in the firm of Kwong Yick Company;

that he and his attorney in fact, respondent Quan Yow Yuen, by falsely conspiring with defendant Quan Min pretended that defendant Quan Min was a member of the copartnership of Kwong Yick Company, and obtained the judgment against appellants by default judgment entered after service upon said Quan Min; that said Quan Min was not a partner in the firm of Kwong Yick Company and that respondents Quan Wing and Quan Yow Yuen intentionally withheld from the court the fact that Quan Wing was a partner and the fact that Quan Min was not a partner in Kwong Yick Company; that appellants were not indebted to respondent Quan Wing, as alleged in the said action filed in Los Angeles County; and that said judgment was obtained by extrinsic fraud and is void.

Issue was joined and after a trial the court found, among other things, that the judgment in favor of respondent Quan Wing and against appellants was in all respects duly and regularly entered; that appellants had full knowledge of the commencement of said action and of the service of summons upon Quan Min, one of the partners of said copartnership in March 1947; that it was not true that defendants Quan Wing, Quan Yow Yuen and Quan Min conspired together to obtain said judgment; that Quan Min was a copartner and had all the powers and responsibilities of a partner of said firm; that it is not true that said judgment was obtained by extrinsic fraud. Judgment was entered in accordance with said findings and this appeal is from said judgment.

The record discloses that on February 21, 1947, Quan Wing and Quan Yow Yuen (defendants and respondents here) commenced an action in the Superior Court of Los Angeles County against the Kwong Yick Company and a writ of attachment was issued and levied upon money in two banks in the account of said company. Complaint and summons were served upon Quan Min in Los Angeles on March 3, 1947, and he sent same to Kwong Yick Company in San Francisco. The company took the matter up with their attorney, who testified at the trial that they informed him that Quan Min was not a partner, and that he then advised them that no valid judgment could be obtained against them if Quan Min was not a partner. The default of Kwong Yick Company was entered on March 19, 1948, and on April 6, 1948, judgment was entered in the Los Angeles action. A writ of execution was issued on October 25, 1948, and levied by the Sheriff of the City and County of San Francisco. Appellants then

made a motion in the Superior Court of Los Angeles County to set aside the judgment which motion was denied on January 18, 1949. Appellants appealed from that ruling but dismissed the appeal and on February 18, 1949 filed the present action.

At the trial in the court below appellants contended vigorously that Quan Min was not a partner and most of the evidence in the case was directed to that issue. However the court, upon sufficient evidence, found that Quan Min was a partner, and appellants stated that no attack will be made upon that finding in this appeal.

We have, therefore, a situation in which an action was commenced by Quan Wing, whom the court in the instant case found to be a partner, against Kwong Yick Company, a copartnership, for money claimed to be due to him from said company. Service of summons was made upon Quan Min, whom the court in the instant case likewise found to be a partner in Kwong Yick Company, and no answer having been filed, the default of the copartnership was entered more than a year after service of summons and a judgment was thereafter rendered. Appellants now contend that respondent Quan Wing should have disclosed to the court that he was a partner of Kwong Yick Company and that the judgment was obtained as the result of extrinsic fraud practiced upon the trial court in that respondents failed to disclose to the court that their claim was based upon a partnership debt between the partners and that no accounting has been had between the partners.

After the time for an appeal has expired, and after the six months' period set forth in section 473 of the Code of Civil Procedure has expired, a judgment of a court can only be set aside in an independent action in equity if there has been extrinsic fraud or mistake. The rule is well expressed in *Westphal* v. *Westphal*, 20 Cal.2d 393, at page 397 [126 P.2d 105], as follows:

"The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. (Citations.) Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. (Citations.) If an unsuccessful party to an action has been kept in ignorance thereof (citations) or has been prevented from fully participating therein (citation),

there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. (Citations.) Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. (Citations.)''

And in *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13 [193 P.2d 728], the court said at page 18:

''*Taylor* v. *Taylor,* 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074] and *Milekovich* v. *Quinn,* 40 Cal.App. 537 [181 P. 256] as well as *Howard* v. *Howard,* 27 Cal.2d 319 [163 P.2d 439], recognize that when equitable relief from a final judgment is sought, it makes an important difference whether the fraud or mistake is intrinsic or extrinsic to the issues involved in the case in which the judgment was entered. The public policy underlying the principle of res judicata that there must be an end to litigation requires that the issues involved in a case be set at rest by a final judgment, even though a party has persuaded the court or the jury by false allegations supported by perjured testimony. This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case. Thus, equitable relief will be denied where it is sought to relitigate an issue involved in the former proceeding on the ground that allegations or proof of either party was fraudulent or based on mistake, but such relief may be granted if the party seeking it was precluded by fraud or the mistake of the other party from participating in the proceeding or from fully presenting his case. (Citations.)'' See, also, *Rogers* v. *Mulkey,* 63 Cal.App.2d 567 [147 P.2d 62].

We are unable to understand how, under the authorities, it can be held in the instant case that the judgment here attacked was obtained as the result of extrinsic fraud. Appellants were named as parties to the action and service was made upon a partner of the firm who sent the complaint and summons to the San Francisco office of the firm. Appellants were thus made fully aware that Quan Wing was asserting a

claim for money against the firm and that service had been made on Quan Min. Instead of appearing to contest the action they chose to rely upon a claim that Quan Min was not a partner, and allowed a default to be entered and a judgment to be rendered against them, even though their bank account had been attached at the time the action was filed. The default and judgment were not entered until more than a year after service of summons was made. Certainly appellants were not prevented by any fraud or mistake from full participation in the action or from the opportunity to present their case to the court and protect themselves from any attempted fraud. In the language of *Westphal* v. *Westphal, supra*: "Having had an opportunity to protect his (their) interest, he (they) cannot attack the judgment once the time has elapsed for appeal or other direct attack."

The authorities cited by appellants as to the fiduciary relationship between a partner and the partnership and the obligations of a partner have no bearing upon the instant case. ██ Furthermore, as stated in *Emerzian* v. *Emerzian,* 6 Cal. App.2d 721, 722 [44 P.2d 656] : "While it is well-settled in this state that one partner cannot sue another partner upon a demand arising out of a partnership transaction, in the absence of an accounting, it is equally well settled that this rule does not apply where the transaction is not a partnership matter. (*Bull* v. *Coe,* 77 Cal. 54 [18 P. 808, 11 Am.St.Rep. 235].)'' ██ If, as appellants now assert, the claim of respondent Quan Wing was based upon a partnership debt between the partners and no accounting had been had between the partners they should have appeared and asserted it in the action filed against them as they were given every opportunity to do.

Appellants make the further contention that they were not permitted to prove that the subject of the claim before the Los Angeles court was a debt arising out of a partnership transaction. It is true that the trial court stated frankly that it believed that the determination that Quan Min was a partner was determinative of the action but it is also true that no proper offer of proof was made by appellants. However, we deem it unnecessary to discuss this contention further as we are convinced that the trial court correctly decided that the judgment in the Los Angeles County case was duly and regularly entered and was not the result of any extrinsic fraud.

No other points raised in the briefs require discussion. The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 17, 1951.