[Civ. No. 17068.   First Dist., Div. One.   Jan. 30, 1957.]

WILLIAM MULLER, Appellant, v. CHARLES REAGH
et al., Respondents.

William Muller, in pro. per., for Appellant.

Charles Reagh, in pro. per., for Respondents.

WOOD (Fred B.), J.—Plaintiff has appealed from a judgment rendered upon sustaining, without leave to amend, a demurrer to the second amended and supplemental complaint; also, from an order denying his motion to quash proof of service of the demurrer and vacate the ruling on the demurrer, and from an order denying his motion to require service of notices and papers upon him by delivery to the county clerk for him.

By his first count herein, plaintiff seeks to vacate an order of March 11, 1953, which dismissed as to Lelah Muller an action previously brought by him against her and Charles Reagh, defendants in that action as well as in this.

By his second count herein, plaintiff seeks some of the same relief, and none other, that he sought in the earlier action.

■ (1) *The first count does not state a case for voiding the order dismissing the other action.*

Plaintiff contends he was not given notice of the motion to dismiss. However, it appears upon the face of the complaint herein that the question whether or not he was given such notice was presented to, considered and determined by the court in the former action.

The notice of motion to dismiss stated, as the ground therefor, that the action was frivolous and groundless and would be predicated upon all the files and records of the court in that and in four other actions. This motion was "granted as prayed." Within two days thereafter plaintiff filed a notice of motion to vacate the dismissal order upon the ground that he "did not become the recipient of said envelope" in which the demurrer and notice of motion to dismiss were mailed and "was never personally served with said motion . . . and demurrer," characterizing this appearance as special and not general.

His motion to vacate was heard and denied. We do not have the record of the evidence adduced at that hearing but it does appear that there was an affidavit of the mailing of the notice of motion to dismiss and plaintiff's affidavit did not deny the mailing. It seems clear, therefore, that there was evidence tending to support the order refusing to vacate.

Plaintiff appealed from the order of dismissal and the refusal to vacate that order, but the appeal terminated as the result of plaintiff's delay in its prosecution and the orders appealed from became final.

From this it seems clear that plaintiff had his full day in

court in the former action. The validity of the service of the notice of motion to dismiss was actually litigated and decided in that action. Plaintiff could have reviewed that decision in the appeal which he took but failed to prosecute. In the absence of fraud practiced upon him preventing him from presenting his case, that decision should not be disturbed, should be immune from collateral attack. If citation of authorities be necessary, the following should suffice: *Johnson* v. *Reed*, 125 Cal. 74, 77 [57 P. 680] ; *Wattson* v. *Dillon*, 6 Cal.2d 33, 40 [56 P.2d 220] ; *Hammell* v. *Britton*, 19 Cal.2d 72, 83 [119 P.2d 333] ; *Neblett* v. *Pacific Mutual L. Ins. Co.*, 22 Cal. 2d 393, 398 [139 P.2d 934] ; *Doran* v. *Sherman*, 18 Cal.App. 2d 479 [64 P.2d 442] ; *Hosner* v. *Skelly*, 72 Cal.App.2d 457, 461 [164 P.2d 573] ; *Harpke* v. *Lankershim Estate*, 101 Cal. App.2d 49 [224 P.2d 899].

Plaintiff further alleges in the first count that Lelah Muller has waived any rights accruing to her from the March 11, 1953, dismissal because she later (October, 1954) filed an answer to the complaint in the former action. That is a question for presentation and consideration in that action, not in this action.

(2) *By the second count of the complaint herein plaintiff seeks, in effect, to vacate and annul a quiet title judgment Lelah Muller obtained against him.*

He alleges that, induced by her misrepresentations, he loaned her certain unsigned agreements and an unsigned deed; that she brought a quiet title suit against him and by use of the deed (and the writing of his name over his typed name on the deed) and a purported default proceeding against him, obtained a judgment against him; that there are pending, in said quiet title suit, proceedings to set the default aside and to vacate the judgment;* that the quiet title suit was instituted to defraud plaintiff of his real property. He prays for damages or that the deed be set aside and annulled and that Lelah release all of her pretended right in the property described in the deed.

Defendants do not claim that the dismissal of the former action in Lelah's favor is res judicata as to the merits of the cause pleaded in the second count of the complaint herein, because, they say, he could begin a new action against Lelah after the dismissal and before the running of the statute

*This is a reference to the proceedings which, meanwhile, were determined adversely to plaintiff's claim. (See *Muller* v. *Muller*, 141 Cal. App.2d 722 [297 P.2d 789].)

of limitations against the claims asserted by him in the former action. ▪ Defendants do claim that the second count herein fails to state facts sufficient to serve as a basis for relief from the judgment rendered in the quiet title suit.

We, too, are of that view and so hold. The vital defect inheres in the insufficiency of the allegations as to the "purported default proceedings" and the circumstances under which the default occurred and was entered. There is no allegation that plaintiff had not been served with complaint and summons in the quiet title suit or that the defendants had done anything to lull him into a false sense of security concerning the presentation of his defense in that suit. That in itself spells a failure to allege extrinsic fraud. (See *Pico* v. *Cohn,* 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336]; *La Salle* v. *Peterson,* 220 Cal. 739 [32 P.2d 612]; *Westphal* v. *Westphal,* 20 Cal.2d 393 [126 P.2d 105]; *Chung Gee* v. *Quan Wing,* 103 Cal.App.2d 19 [229 P.2d 50]; *Hammell* v. *Britton, supra,* 19 Cal.2d 72.)

▪ We derive from the record herein no indication that plaintiff could, if permitted, further amend his complaint to supply this lack; hence, there is no basis for holding it was error for the trial court to withhold permission to amend when sustaining the demurrers to an already twice amended complaint. ▪ In this connection, we may take judicial notice (see *Hammell* v. *Britton, supra,* 19 Cal.2d 72, 75) of our decision in *Muller* v. *Muller, supra,* 141 Cal.App.2d 722, holding that plaintiff was served with complaint and summons in the quiet title suit and was not prevented from presenting his defense therein. As we said in that case, "Appellant . . . [plaintiff herein] was validly served with process, and had been informed that his default was to be taken if he did not file his answer. Respondent [Lelah Muller] did nothing to prevent him from defending the action." (P. 730 of 141 Cal.App.2d.)

Plaintiff seeks to pare down the effect of the quiet title judgment. He says the judgment did not embrace the element of fraud and deceit in obtaining from him the unsigned deed. He is mistaken, for his very complaint herein shows that the judgment depended upon the deed and necessarily found it valid, a determination adverse to plaintiff's claim of fraud and deceit. Nondelivery (Civ. Code, § 1054) and forgery (*Cutler* v. *Fitzgibbons,* 148 Cal. 562 [83 P. 1075]) likewise are elements embraced in the judgment. Each would have

been a complete defense in the quiet title suit. Thus it appears that the second count fails to make out a case for recovery of the deed or for its asserted value or damages for its alleged wrongful use.

Plaintiff further contends that his second count pleads causes of action for conversion and for claim and delivery of the three unsigned agreements, which consisted of a "form of Separate Property Agreement," a "form of Property Settlement Agreement," and a "form combining a Separate Property Agreement-Property Settlement Agreement" as described in the second count. We do not so read this count. There is no allegation that any of the three unsigned agreements had any value or that plaintiff was damaged by their retention by Lelah, and the prayer does not mention them in any way. The second count does not reflect an intent or attempt to plead a cause of action for conversion or for claim and delivery in respect to any of the three unsigned agreements.

(3) *It appears that the order denying plaintiff's motion to quash the service of the demurrers to the complaint finds support in the evidence.*

The record shows that seven days before the date set plaintiff received notice of the time and place for the hearing of the demurrer to the second amended complaint; that at said time and place he specially appeared and objected to the hearing upon the asserted ground he had not been served with a copy of the demurrer; that the court found it had been served upon plaintiff, which finding was based upon the affidavit attached to the demurrer and upon plaintiff's statement that the address shown in the affidavit was plaintiff's address; and that the court asked plaintiff to participate in the hearing but he refused to do so, confining his appearance to a special one. Such a finding upon conflicting evidence is not to be disturbed upon appeal. (*Estate of Standing,* 99 Cal.App.2d 668, 672 [222 P.2d 465, 223 P.2d 255].)

It appears to us that the demurrer was properly served upon plaintiff by mail in accordance with sections 1010 and 1012 of the Code of Civil Procedure and other applicable provisions of law.

It would also appear that by seeking relief upon the merits, upon this appeal, plaintiff has waived the basis for his special appearance. (See *De Matei* v. *Superior Court,* 74 Cal.App. 147, 150 [239 P. 853].)

(4) *The denial of plaintiff's motion to require defendants,*

*when serving papers upon plaintiff, to forward them to the clerk for the plaintiff, violated none of plaintiff's rights.*

It is true that section 1011, subdivision 2, of the Code of Civil Procedure provides that if a party's "residence is not known" service of a notice or paper may be made "by delivering the same to the clerk of the court . . . for the party," but it does not confer upon the party to be served the right to require notices and papers to be so served, especially a party, such as this plaintiff, whose address is known.

The judgment is affirmed. The appeals from the orders denying the motion to quash and to prescribe the manner of serving plaintiff (nonappealable orders) are dismissed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied March 1, 1957, and appellant's petition for a hearing by the Supreme Court was denied March 27, 1957.