[Civ. No. 18377. First Dist., Div. One. Oct. 19, 1959.]

LELAH MULLER, Respondent, v. OTIS ROBINSON et al., Defendants; WILLIAM MULLER, Intervener and Appellant.

---

William Muller, in pro. per., for Appellant.

Charles Reagh for Respondent.

WAGLER, J. pro tem.*—From three unsuccessful attempts to interject himself into the instant action, William Muller, plaintiff's former husband, in propria persona, has appealed. He also appeals from an order denying "inspection and copying" of an alleged deposition and other documents. Since

---

*Assigned by Chairman of Judicial Council.

appellant was never a party to the action the foundation for his motion to inspect was entirely lacking and because the order denying same is nonappealable (Code Civ. Proc., § 963) it will not be discussed.

The instant action (San Mateo County No. 79309) to quiet title to certain realty was commenced by Lelah Muller against Otis Robinson, Edward Danner, Jr., Dan Brodie, and Rebecca Arnov, on March 5, 1958.

On April 16, 1958, appellant appeared before the Honorable Edmund Scott and made an ex parte request to be joined as a party defendant in said action. In support of said ex parte application he presented an affidavit alleging in substance: that he was not named a party defendant therein; that he has an equitable interest in a portion of the realty described in plaintiff's complaint; is a necessary party defendant; and that Lelah Muller claims under a false and fraudulent color of title more fully set forth in the complaint of William Muller in action Number 75225, which is incorporated by reference.

On the same date he filed a notice of motion to consolidate the two actions. This motion was based upon appellant's affidavit wherein it is alleged that he is the plaintiff in said action Number 75225, which action seeks to quiet title to the same realty involved in the instant action; and that plaintiff Lelah Muller is a named defendant in said action Number 75225. These motions were denied on April 22, 1958.

Two days later appellant filed a notice of motion for leave to intervene herein. This motion was based upon appellant's affidavit consisting of nine pages and upon a verified complaint in intervention. The proposed complaint coupled with other documents which appellant incorporates therein by reference* would cover upwards of five hundred pages.

Omitting argumentative, irrelevant, querulous, and scandalous allegations, the affidavit and proposed complaint allege that appellant is the owner of a 1/6 undivided equitable interest in the real property described in the complaint in the instant action (this is the same property referred to in action Number 75225, in 141 Cal.App.2d 722 [297 P.2d 789] and in

---

*Documents incorporated by reference include a 53-page complaint in San Mateo County action Number 75225, together with numerous other pleadings therein. The complaint in action Number 75225 in turn incorporates by reference the records in three other San Mateo County actions involving similar issues: Numbers 58211, 60068 and 60465; also the briefs on appeal in civil appeals Numbers 16709, 16755 and 16756, reported in 141 Cal.App.2d 722 [297 P.2d 789].

148 Cal.App.2d 157 [306 P.2d 593]); that Lelah Muller claims an adverse interest therein which is based in part on a "false and fraudulent deed" which was stolen by "trick and device" and was used as the basis of action Number 58211 (141 Cal.App.2d 722 [297 P.2d 789]) ; that Lelah Muller "procured a purported default judgment against this intervener without the service of summons and complaint upon him"; that said judgment "stands as a cloud" upon intervener's title; that there is now pending an action to set aside said judgment "which said action #75,225 . . . is in the pleading stages." The proposed complaint concludes with a prayer for the cancellation of the aforementioned deed and annulment of the aforementioned judgment.

Before the latter motion came on for hearing appellant filed an affidavit pursuant to section 170.6 of the Code of Civil Procedure alleging the prejudice of the Honorable Edmund Scott. The motion to intervene together with another motion to consolidate (made orally) was therefore heard by the Honorable Wayne R. Millington. Each motion was denied by the latter on June 2, 1958.

From each of the adverse rulings above mentioned an appeal has been taken. Appellant has filed briefs totalling 57 pages, raising some 23 alleged points of law, none of which appear to have any merit.

Appellant's first attempt to interject himself into the instant action was by ex parte application to have himself joined as a necessary party defendant under the provisions of Code of Civil Procedure, section 389. "Ordinarily, C.C.P. 389 is invoked by an existing party, but an omitted party may himself seek an order of court joining him as a party." (2 Witkin, California Procedure, p. 1088.) Such a procedure was upheld in *Crofton* v. *Young*, 48 Cal.App.2d 452 [119 P.2d 1003]. However, since the order denying appellant's application is nonappealable (2 Witkin, California Procedure, p. 1067; *Bank of California* v. *Superior Court*, 16 Cal.2d 516, 526 [106 P.2d 879] ; *Morrow* v. *Superior Court*, 9 Cal.App.2d 16, 27 [48 P.2d 188, 50 P.2d 66]), the appeal from this order should be dismissed.

His next attempt was by motion in the instant action (to which he was not a party) to have it consolidated with action Number 75225 on file in the same court and in which he as plaintiff was seeking to set aside a decree rendered in action Number 58211 (affirmed on appeal in *Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789]). This decree quieted title

to the real property in question in respondent herein against all claims of appellant.

■ Whether separate actions shall be consolidated for trial is a matter within the discretion of the trial court. And a trial court's discretion in this as in other discretionary matters will not be interfered with on appeal. (*McArthur* v. *Shaffer*, 59 Cal. App.2d 724, 727 [139 P.2d 959].) ■ Appellant's motion to consolidate was denied only after his application to be made a party had been acted upon. At this time there would appear to be no basis whatever for consolidation. The parties in each action were different; the issues were different; and the record shows that action Number 75225 was not at issue. Under such circumstances the denial of the motion was, of course, not an abuse of discretion (see *Beaudreau* v. *Allen*, 102 Cal.App.2d 552 [227 P.2d 896]; *Peters* v. *Binnard*, 219 Cal. 141 [25 P. 2d 834]).

Appellant's final attempt to enter the instant action was by petition for leave to intervene. This right is governed by section 387 of the Code of Civil Procedure which reads in part as follows: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding."

■ The right to intervene, however, "is purely statutory, and by no means absolute, but may be permitted by leave of court when the petitioner shows facts that satisfy the requirements of the code." (37 Cal.Jur.2d 385.) ■ "The right broadly granted by the code has, however, been strictly limited by the decisions defining 'interest,' a word that is of crucial significance and that has a definite legal meaning in intervention proceedings. The interest referred to must be in the matter in litigation and of such a direct or immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." (37 Cal. Jur.2d 386, 389.) ■ "The person seeking intervention must ordinarily show an interest under the existing pleadings and issues, and will not be allowed to come in on a claim which enlarges the issues and changes the nature of the main proceeding." (2 Witkin, California Procedure, p. 1096.) ■ "If the court is in doubt as to the propriety of the proposed intervention, it may order a hearing on notice. . . ." (2 Witkin, California Procedure, p. 1091.) This was the procedure followed in the instant case.

■ When the motion came on for hearing the record states

that "the file in #75,225 (which includes as exhibits papers on #58,211) was introduced in evidence and presented to the Court in support of opposition to motion to intervene." Thus the court had before it our decision in *Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789], wherein the title to the real property in question, as between William and Lelah Muller, was litigated to conclusion. The record before the trial court also disclosed that after several attempts to set aside Lelah Muller's decree quieting title in action Number 58211 and after the filing of numerous actions in equity seeking to accomplish the same result, Lelah Muller's decree remained in full force and effect. Under such circumstances the court was amply justified in concluding that appellant did not have an interest in the matter in litigation of such a direct and immediate character as to justify his intervention. To have permitted appellant to intervene would not only have greatly enlarged the issues but no doubt would have completely changed the nature of the main action. These facts too would require the trial court to deny appellant's requests.

The orders denying the motions to consolidate and to intervene are affirmed. The purported appeals from the other orders are dismissed.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied November 6, 1959, and appellant's petition for a hearing by the Supreme Court was denied December 16, 1959.