[Civ. No. 19756.   First Dist., Div. One.   July 19, 1961.]

LELAH MULLER, Respondent, v. OTIS ROBINSON et al., Defendants; WILLIAM MULLER, Movant and Appellant.

William Muller, in pro. per., for Appellant.

Charles Reagh for Respondent.

HOYT, J. pro tem.*—Appellant appeals from an order denying his motion made on January 5, 1960, to intervene in *Lelah Muller* v. *Otis Robinson et al.* This action was filed on March 5, 1958, and is to quiet title to a piece of real property. This is appellant's second attempt to intervene in this case. Section 1008 of the Code of Civil Procedure permits a subsequent application for the same order upon an alleged different statement of facts.

In his notice of motion for leave to intervene appellant incorporated exhibits as follows: "A"—agreement between appellant and Edward Danner, Jr., relating to investigative service; "B"—deposition of Edward Danner, Jr.; "C"—appellant's petition for a hearing by the Supreme Court; and "D"—appellant's petition for a rehearing filed in the District Court of Appeal, First Appellate District, State of California, on November 2, 1959. Purporting to act under rule 10(b) of the Rules on Appeal appellant had the clerk of the trial court transmit to this court these "exhibits." These so-called exhibits were not received by this court because they were not exhibits admitted in evidence or rejected by the trial court. The pertinent part of rule 10(b) reads as follows: "When the parties shall have been notified by the clerk of the reviewing court that an appeal has been set for hearing; each party shall file with the clerk of the superior court a notice specifying *such of the original exhibits or affidavits* designated by any party for inclusion in the record, as he desires transmitted to the reviewing court. . . ." (Emphasis added.) The documents in question were filed in the trial court as a part of appellant's motion for leave to intervene in this action. They were not exhibits admitted in evidence or rejected by the trial court. If such documents were to become a part of the record on appeal it would have been necessary for appellant to designate them, as a part of the clerk's transcript on appeal.

Appellant now files a motion to augment the record by including therein the originals of so-called Exhibits "A," "B," "C," and "D" under rule 12, subdivisions (a) and (b), of the Rules on Appeal. Rule 12(b) has no application. Rule 12(a) reads as follows: "On suggestion of any party or on its own motion, the reviewing court, on such terms as it deems proper, may order that the original or a copy of a paper, record or exhibit offered at or used on the trial or hearing

---

*Assigned by Chairman of Judicial Council.

below and on file in or lodged with the superior court be transmitted to it, or that portions of the oral proceedings be transcribed, certified and transmitted to it, or that an agreed or settled statement of portions of the oral proceedings be prepared and transmitted to it; and when so transmitted they shall be deemed a part of the record on appeal.'' This court is of the opinion that no useful purpose will be served by transmitting these records to this court; however, the way to have brought them before this court was to include them in the clerk's transcript. The motion to augment is denied.

From the record before us it appears that all of appellant's points, excepting one, were presented to this court and passed upon in *Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789], or in *Muller* v. *Robinson*, 174 Cal.App.2d 511 [345 P.2d 25]. ▋ The one new point is: ''That Intervener William Muller has and is subject to a secondary or derivative liability and would suffer monetary and realty loss by an unfavorable judgment rendered to and running against the defendants Otis Robinson and Edward Danner, Jr., in this action, as per the agreement between William Muller and Edward Danner, Jr., dated March 31, 1952 . . .'' According to appellant this is a secondary or derivative liability. Such a liability is not a ground for intervention. ▋ To intervene ''It is well settled that the interest referred to must be 'in the matter in litigation and of such a direct or immediate character that the intervenor will either gain or lose by the *direct legal operation and effect* of the judgment.' '' (*Faus* v. *Pacific Elec. Ry. Co.*, 134 Cal.App.2d 352, 356 [285 P.2d 1017].) To the same effect are *Muller* v. *Robinson, supra,* 174 Cal.App.2d 511, 515-516; *Marshank* v. *Superior Court,* 180 Cal.App.2d 602, 606 [4 Cal.Rptr. 593] ; *Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661, 664-665 [91 P.2d 599] ; *Schwartz* v. *Schwartz,* 119 Cal.App.2d 102, 104 [259 P.2d 33] ; *Allen* v. *California Water & Tel. Co.,* 31 Cal.2d 104, 109 [187 P.2d 393].) *County of San Bernardino* v. *Harsh California Corp.,* 52 Cal.2d 341 [340 P.2d 617], holds that the United States of America has a vital interest in establishing the validity and correct delineation of the fiscal policy set forth by Congress and justifies its intervention under the particular facts of that case, but does not otherwise limit the above-cited authorities.

▋ In connection with his application to intervene, appellant did not file his proposed complaint in intervention. Under

these circumstances the trial court was also justified in denying permission to intervene. (*Bowles* v. *Superior Court,* 44 Cal.2d 574, 588-589 [283 P.2d 704] ; *Peachy* v. *Witter,* 131 Cal. 316 [63 P. 468].)

The order denying the motion to intervene is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.