[Civ. No. 20343.   First Dist., Div. Three.   Aug. 13, 1962.]

LELAH MULLER, Plaintiff and Respondent, v. WILLIAM MULLER, Intervener and Appellant.

William Muller, in pro. per., for Intervener and Appellant.

*Assigned by Chairman of Judicial Council.

Charles Reagh and Robert H. James for Plaintiff and Respondent.

SALSMAN, J.—William Muller appeals from two orders of the trial court: (1) an order striking his memorandum of costs, and (2) an order refusing to vacate the order striking the memorandum of costs.

In the main action Lelah Muller sued Otis Robinson, Rebecca Aronov and Edward Danner, Jr., to quiet title to certain real property. Appellant William Muller was not named as a party defendant in that action because Lelah Muller had previously obtained a decree against him quieting her title to the subject property and the District Court of Appeal affirmed an order of the trial court refusing to set aside this judgment. (*Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789].)

Appellant first moved to be joined as a party defendant in Lelah Muller's action against Robinson et al.; next he moved to consolidate Lelah Muller's action with an action of his own then pending in the same court, and finally he made two motions to intervene in the Lelah Muller-Robinson action. All motions were denied. The appellant's appeal from the order denying his motion to intervene was affirmed on appeal. (*Muller* v. *Robinson*, 193 Cal.App.2d 835 [14 Cal.Rptr. 693].) Thereafter Lelah Muller dismissed her action against Robinson. Appellant then filed a memorandum of costs in the total sum of $68.25 incurred in his vain and futile attempt to become a party in the Lelah Muller-Robinson action. It is from the court's order striking this memorandum of costs that this appeal is taken.

The right to recover costs is purely statutory and in the absence of statute no costs can be recovered by either party. (*People* v. *Feraud*, 45 Cal.App. 765-769 [188 P. 843]; *Fox* v. *Hale & Norcross S.M. Co.*, 122 Cal. 219-223 [54 P. 731]; *Duley* v. *Peacock*, 17 Cal.App. 418 [119 P. 1086].) Code of Civil Procedure section 1032 provides for the allowance of costs in the superior court and makes special reference to actions which involve title to real property, the subject of Lelah Muller's action against Robinson. Code of Civil Procedure section 1032, however, provides only for an allowance of costs to a plaintiff, a defendant or the prevailing party. It does not provide for an allowance of costs to one who seeks unsuccessfully to become a party to an action. Even though a party is allowed to intervene in a suit

between others and is determined by the trial court to have an interest in the subject of the action, costs may not be allowed to him where it is finally determined on appeal that such a party had no interest in the litigation. (*Guaranty etc. Co.* v. *Recreation Gun Club,* 12 Cal.App. 383-390 [107 P. 625].) ██ Here it has been finally determined that appellant had no sufficient interest in the Lelah Muller-Robinson, et al. litigation to be allowed to intervene. (*Muller* v. *Robinson,* 193 Cal.App.2d 835 [14 Cal.Rptr. 693] at 837.) Since appellant never attained the status of a party to the litigation he is not entitled to any costs, and the trial court was correct in striking his cost bill.

Orders affirmed.

Draper, P. J., and Devine, J., concurred.