**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, a Public Enterprise Fund and Independent Agency of the State of California, | No. 16-55501 |
| | D.C. No. 8:12-cv-01072-CJC-JCG Central District of California, Santa Ana |
| Plaintiff-Appellant, | |
| v. | |
| SANA ULLAH KHAN, an individual; ALEXANDER ZAKS, an individual; DAVID M. HOLMES, an individual; DANIEL A. REYES, an individual; BRUCE MCINTYRE ROTH, an individual; ACCIDENT HELP LINE MEDICAL GROUP, INC., a California corporation; ALEXANDER ZAKS, M.D., DBA Millcreek Surgery Center Medical Group, a California corporation; ALTA SURGERY CENTER MEDICAL CLINIC, INC., a California corporation; TECHNICAL SURGERY SUPPORT MEDICAL CLINIC SERVICES, INC., a California corporation; RELIABLE MEDICAL SUPPLY LLC, a California limited liability company; VALLEY INTERPRETING SERVICES, LLC, a California limited liability company; COMPREHENSIVE OUTPATIENT SURGERY CENTER, LLC, a California limited liability company; PHYSICIANS MOBILE MEDICAL GROUP, INC., DBA TVN Medical Group and Excell Comprehensive Diagnostics, a California | ORDER |

corporation; PRECISION CARE MEDICAL GROUP, a California corporation; TRUE IMAGING MEDICAL GROUP, DBA True View Radiology Medical Group, a California professional corporation; WINDSTAR MEDICAL ASSOCIATES, DBA True Neurology Medical Centers, a California professional corporation; CRESCENT DIAGNOSTIC MEDICAL GROUP, INC., a California corporation; CRESCENT COMPREHENSIVE MANAGEMENT, INC., DBA Excell Diagnostic and Mobile Medical Imaging Xperts, a California corporation,

Defendants-Appellees.

Before: M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,[*] District Judge.

The memorandum disposition filed on January 17, 2018, is amended as follows: The paragraph running from page 5, line 19 to page 6, line 6, beginning with <Finally, State Fund> and ending with <*See id.* § 1693.>, is deleted.

Judge M. Smith and Judge Friedland vote to deny the petition for rehearing en banc, and Judge Rakoff so recommends. The full court has been advised of the petition for rehearing en banc, and no judge requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc filed on January 31, 2018, is DENIED. No further petitions for panel rehearing or

---

[*] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

rehearing en banc will be entertained.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, a Public Enterprise Fund and Independent Agency of the State of California, | No.    16-55501 |
| Plaintiff-Appellant, | D.C. No. 8:12-cv-01072-CJC-JCG |
| v. | |
| SANA ULLAH KHAN, an individual; ALEXANDER ZAKS, an individual; DAVID M. HOLMES, an individual; DANIEL A. REYES, an individual; BRUCE MCINTYRE ROTH, an individual; ACCIDENT HELP LINE MEDICAL GROUP, INC., a California corporation; ALEXANDER ZAKS, M.D., DBA Millcreek Surgery Center Medical Group, a California corporation; ALTA SURGERY CENTER MEDICAL CLINIC, INC., a California corporation; TECHNICAL SURGERY SUPPORT MEDICAL CLINIC SERVICES, INC., a California corporation; RELIABLE MEDICAL SUPPLY LLC, a California limited liability company; VALLEY INTERPRETING SERVICES, LLC, a California limited liability company; COMPREHENSIVE OUTPATIENT SURGERY CENTER, LLC, a California limited liability company; PHYSICIANS | AMENDED MEMORANDUM[*] |

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MOBILE MEDICAL GROUP, INC., DBA
TVN Medical Group and Excell
Comprehensive Diagnostics, a California
corporation; PRECISION CARE MEDICAL
GROUP, a California corporation; TRUE
IMAGING MEDICAL GROUP, DBA True
View Radiology Medical Group, a
California professional corporation;
WINDSTAR MEDICAL ASSOCIATES,
DBA True Neurology Medical Centers, a
California professional corporation;
CRESCENT DIAGNOSTIC MEDICAL
GROUP, INC., a California corporation;
CRESCENT COMPREHENSIVE
MANAGEMENT, INC., DBA Excell
Diagnostic and Mobile Medical Imaging
Xperts, a California corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted January 8, 2018
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,[**] District
Judge.

Plaintiff-Appellant State Compensation Insurance Fund (State Fund) appeals

the district court's grant of summary judgment to Defendants-Appellees. We have

---

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As the facts and procedural history are familiar to the parties, we do not recite them here.

1.    The district court properly granted summary judgment to Defendants-Appellees Alexander Zaks; David M. Holmes; Daniel A. Reyes (together with Zaks and Holmes, the Individual Zaks Defendants); Accident Help Line Medical Group, Inc.; Alexander Zaks, M.D., Inc.; Alta Surgery Center Medical Clinic, Inc.; Technical Surgery Support Medical Clinic Services, Inc.; Reliable Medical Supply LLC; Valley Interpreting Services, LLC; and Comprehensive Outpatient Surgery Center, LLC, because State Fund's claims against these Defendants-Appellees were precluded by the broad liability releases contained in the 2010 Settlement Agreements. The district court correctly determined that the releases protected all of these Defendants-Appellees because even State Fund's claims against the Individual Zaks Defendants were premised on acts within the scope of their agency relationships with lien claimants, such that liability was precluded by the releases' plain terms.

The court also correctly held that there were no grounds for rescinding the 2010 Settlement Agreements. California Civil Code § 1689 provides that "[a] party to a contract may rescind the contract" if his consent thereto was "obtained through duress, menace, fraud, or undue influence, exercised by or with the

3

connivance of the party as to whom he rescinds." *Id.* § 1689(b)(1). For fraud to justify rescission, however, it must be extrinsic. California "will not relieve a party from the effect of a judgment claimed to have been obtained by fraud" if the fraud charged "relates to matters upon which the judgment was regularly obtained and where an opportunity was given to the party against whom it was entered to contest the matters in issue, or present any defense which was available," or if the fraud "was directed to or bore upon the claim or issue which was before the court for determination, as when a judgment is entered upon a fraudulent claim, or is procured by false testimony, where the party had an opportunity to be heard as to these matters." *Flood v. Templeton*, 92 P. 78, 81 (Cal. 1907); *see also La Salle v. Peterson*, 32 P.2d 612, 612-13 (Cal. 1934).

Here, there was no extrinsic fraud to justify rescission. All of the allegations of fraud relate to the negotiation of the 2009 Settlement Agreement, so it is almost a logical impossibility that such fraud would be extrinsic to the 2010 Settlement Agreements. Specifically, State Fund had the opportunity to be heard regarding the validity of the 2009 Settlement before the arbitrator and decided to negotiate the superseding 2010 Settlements instead. State Fund had the opportunity to investigate the fraudulence of the Zaks Entities' billings before entering into the 2010 Settlements and did so in depth, with the help of outside counsel. State Fund then had the opportunity to contest the fairness of the 2010 Settlements before the

4

arbitrator as well, and did not. These facts decide the issue. The inclusion of a conspiracy allegation does not "operate to change what would otherwise be intrinsic fraud into extrinsic fraud." *Tracy v. Muir*, 90 P. 832, 835 (Cal. 1907).

There was also no connivance. For connivance to justify rescission, a contracting party who enters into a contract under duress must show that another contracting party, although not responsible for the duress, "knows that it has taken place and takes advantage of it by enforcing the contract, particularly a contract made with inadequate consideration." *Chan v. Lund*, 116 Cal. Rptr. 3d 122, 134 (Ct. App. 2010) (citing *Leeper v. Beltrami*, 347 P.2d 12 (Cal. 1959) (en banc), *as modified on denial of reh'g* (Dec. 30, 1989)), *as modified on denial of reh'g* (Oct. 28, 2010). State Fund cannot make such a showing. The 2010 Settlement Agreements all contained a provision that stated that "[n]o party executed [the] Agreement under duress, economic or otherwise." Because any assertion that the Zaks Defendants connived with respect to the 2010 Settlement Agreements depends on the notion that Roth's entry into the 2009 Agreement and Defendants' attempt to enforce the 2009 Agreement coerced State Fund into entering the 2010 Agreements, this provision waives and thus forecloses State Fund's connivance argument.

2.   The district court properly granted summary judgment to Defendant-Appellee Bruce Roth because there was insufficient evidence of concerted action

5

between Roth and any other Defendant-Appellee. State Fund has failed to establish essential elements of its RICO and RICO conspiracy claims: State Fund has not introduced evidence to show that Roth was associated together with any other Defendants-Appellees for a common purpose of engaging in a course of conduct, and intended to participate in the association in fact.

3. The district court properly granted summary judgment to Defendants-Appellees Sana Ullah Khan; Physicians Mobile Medical Group, Inc.; Precision Care Medical Group; True Imaging Medical Group; Windstar Medical Associates; Crescent Diagnostic Medical Group, Inc.; and Crescent Comprehensive Management, Inc. because State Fund's claims against them were barred by the four-year statute of limitations for civil RICO actions. *See, e.g.*, *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001). State Fund has not introduced evidence of new acts or injuries within the four years preceding this suit; a third-party's collection of claims no longer owned by these Defendants-Appellees does not restart the statute of limitations with regard to State Fund's claims against them. *Cf. Grimmett v. Brown*, 75 F.3d 506, 509-14 (9th Cir. 1996) (concluding that statute of limitations began to run when plaintiff filed an adversary complaint in a related bankruptcy proceeding and rejecting notion that more recent acts inflicted any new injury).

For the foregoing reasons, the district court's grant of summary judgment to

all Defendants-Appellees is AFFIRMED.